UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSHUA M. DANIELS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-CV-2-DCP ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 11]. Joshua Daniels ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of Defendant Commissioner of Social Security ("Commissioner"), denying Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") [Doc. 1]. For the reasons that follow, the Court will **GRANT** the Motion for Judgment Based Upon the Administrative Record [Doc. 12] and **REMAND** the case for further consideration.

**I.     PROCEDURAL HISTORY**

On August 17, 2020,[1] Plaintiff filed an application for DIB and SSI pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401, 1381 *et seq.*, claiming a period of disability that began on August 15, 2020 [Tr. 263, 273]. The Commissioner denied Plaintiff's application initially [*id.* at 107–08] and upon reconsideration [*id.* at 129–30]. Plaintiff then requested a hearing

---

[1] The record shows two different dates on which Plaintiff filed both of his applications—August 17, 2020 [Tr. 107–09] and August 24, 2020 [*Id.* at 263, 273]. However, Plaintiff's [Doc. 13 p. 4] and Commissioner's [Doc. 15 p. 2] filings, as well as the ALJ's decision [Tr. 17], all indicate Plaintiff filed on August 17, 2020.

before an ALJ [*id.* at 181], which was held on November 3, 2022 [*id.* at 42–70]. The ALJ found that Plaintiff was not disabled [*id.* at 14–35], and the Appeals Council denied Plaintiff's request for review on November 22, 2023, [*id.* at 1], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a complaint with this Court on January 8, 2024 [Doc. 1]. The parties have filed opposing briefs, and this matter is ripe for adjudication [*See* Docs. 12, 13, 15, 16].

## II. DISABILITY ELIGIBILITY AND ALJ FINDINGS

### A. Disability Eligibility

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will only be considered disabled:

> [I]f his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

2

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e), 416.920(a)(4), 416.920(e). RFC is the most a claimant can do despite his limitations. *Id.* §§ 404.1545(a)(1), 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

**B.      ALJ Findings**

Here, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025 (Ex. 10D).

2. The claimant has not engaged in substantial gainful activity since August 15, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 et seq.).

3

3. The claimant has the following severe impairments: right shoulder degenerative joint disease with rotator cuff tear; right knee degenerative joint disease; ventral hernia; degenerative disc disease; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can stand and/or walk for up to four hours, in an eight-hour workday, but no more than one hour at a time. The claimant can push and/or pull occasionally with the right lower extremity. The claimant can climb ramps and stairs occasionally but can never climb ladders, ropes or scaffolds. The claimant can balance, stoop, kneel and crouch occasionally but can never crawl. The claimant can perform overhead reaching occasionally with the right upper extremity. The claimant can handle and finger frequently with the right upper extremity. The claimant should avoid all exposure to unprotected heights, moving mechanical parts and other workplace hazards.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on January 20, 1985, and was 35 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 15, 2020, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 19–34].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In reviewing the Commissioner's decision, the Court must consider the record as a whole. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not

high." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted). Rather, substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 103 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether an ALJ's findings are supported by substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).

In addition to considering whether the ALJ's decision is supported by substantial evidence, the Court must review whether the ALJ employed the correct legal criteria. It is grounds for reversal of a decision—even if supported by substantial evidence—where "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. ANALYSIS

Plaintiff raises two issues on appeal: (1) the ALJ failed to adequately address the medical opinions of Amanda Martin, FNP ("Nurse Martin") and Robert Blaine, M.D. ("Dr. Blaine"); and (2) the ALJ failed to apply the correct onset date of disability and also failed to evaluate the Claimant's unsuccessful work attempt which ended August 2020 [Doc. 13 p. 5]. The Commissioner responds that (1) the ALJ reasonably concluded that the opinions of Nurse Martin

and Dr. Blaine were not persuasive because they were not supported by, or consistent with, the evidence in the record [Doc. 15 p. 11]; and (2) Plaintiff did not meet his burden of demonstrating that an error in the alleged disability onset date caused him prejudice [*Id.* at 16].

### A. Consideration of Nurse Martin's and Dr. Blaine's Medical Opinions

Plaintiff argues that the ALJ did not analyze the consistency and supportability of Nurse Martin's and Dr. Blaine's medical opinions [Doc. 13 pp. 12–13]. Plaintiff asserts that regardless of whether the ALJ found the medical opinions on the record persuasive, partially persuasive, or unpersuasive, he "provided a blanket analysis of the medical evidence of record and how certain findings are unsupported/supported and inconsistent/consistent with the Residual Functional Capacity" rather than with the medical opinion itself. [*Id.* at 14]. The Commissioner responded that the ALJ properly explained that the opinions of Nurse Martin and Dr. Blaine were not persuasive as they were not consistent with evidence on the record nor with Plaintiff's course of conservative treatment and were also not supported by the providers' own treatment notes [Doc. 15 pp. 11–15]. Plaintiff replied that the Commissioner's response "did not cure the defects in the ALJ's rationale" [Doc. 16 p. 1]. He maintains that the ALJ did not analyze any of the medical opinions but rather made "conclusory statement[s] . . . about whether the ALJ considers the opinions to be persuasive or not" [*Id.* at 3].

The ALJ must "evaluate the persuasiveness of [the] medical opinions and prior administrative medical findings" using five factors, including the (1) supportability and (2) consistency of the opinions or findings, the medical source's (3) relationship with the claimant and (4) specialization, as well as (5) "other factors" such as the "medical source's familiarity with the other evidence in a claim" and their "understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c). Of these five factors, "[t]he most

7

important . . . are supportability and consistency." *Id.* § 404.1520c(a), (b)(2). The supportability factor means "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* § 404.1520c(c)(1). Consistency is defined as "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 404.1520c(c)(2). "In other words, supportability addresses whether a medical professional has sufficient justification for their *own* conclusions." *Elizabeth A. v. Comm'r of Soc. Sec. Admin.*, No. 2:22-CV-02313, 2023 WL 5924414, at *4 (S.D. Ohio Sept. 12, 2023) (citing *Crystal E.J. v. Comm'r of Soc. Sec.*, No. 2:21-CV-04861, 2022 WL 2680069 (S.D. Ohio July 12, 2022)). "Consistency, by contrast, requires the ALJ to compare the medical opinion at issue to 'other medical and nonmedical sources.'" *Id.* (citing *Ford v. Comm'r of Soc. Sec.*, No. 1:22-CV-00524, 2023 WL 2088157, at *17 (N.D. Ohio Jan. 31, 2023)). Because they are the most important factors, the ALJ must not only consider the supportability and consistency of all medical opinions in the record, but also "explain how he or she considered them." *Dayna S. v. Comm'r of Soc. Sec.*, 3:21-CV-00326, 2023 WL 2009135, at *5 (S.D. Ohio Feb. 15, 2023) (citing 20 C.F.R. § 404.1520c(b)(2)) (internal punctuation omitted). No "specific level of detail" is required, as "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-CV-03834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (internal citations omitted).

Upon reviewing the ALJ's decision, the Court finds he did not properly consider the medical opinion evidence. As Plaintiff asserts, for each medical opinion, the ALJ plainly states

8

whether he found the opinion persuasive, partially persuasive, or unpersuasive and then copies and pastes the following paragraph:

> The medical evidence supports that the claimant suffers from degenerative disc disease, right shoulder degenerative joint disease with a rotator cuff tear; and right knee degenerative joint disease (Ex. 21F/4, 8, 12). The claimant reported back pain (Ex. 4F/3, 11F/1, 21F/1, 22F/4, 24F/2, 25F/1). Upon examination, he had tenderness to palpation and a reduced range of motion (Ex. 6F, 11F/2, 12F, 25F/3). At times, the claimant had decreased sensation to his lateral thigh (Ex. 22F/5). He was also prescribed an LSO back brace (Ex. 25F/6). In addition, the claimant reported right knee pain (Ex. 11F/3, 24F/1, 25F/2). Upon examination, he had tenderness to palpation and a reduced range of motion (Ex. 25F/3). The claimant had crepitus (Ex. 11F/5). At times, he had an antalgic gait (Ex. 11F/4, 22F/5, 24F/3), which is consistent with reduced standing and/or walking and environmental limitations. Further, he reported right shoulder pain (Ex. 11F/3, 24F/2, 25F/1). Upon examination, the claimant had tenderness to palpation and a reduced range of motion (Ex. 6F, 12F, 24F/3). He had positive Neer's and Hawkins test (Ex. 25F/3). In July and December 2021, the claimant had a steroid injection (Ex. 24F/6, 25F/42). The claimant was prescribed pain medication (Ex. 11F/4), which is consistent with manipulative and environmental limitations. The medical evidence also supports that the claimant is status post a hernia repair (Ex. 25F/3). The claimant's conditions are further compounded by his diagnosis of obesity (Ex. 3F/7), which is consistent with consistent with [sic] reduced standing and/or walking and environmental limitations. However, the claimant is able to perform within the above residual functional capacity. The claimant's treatment was routine and conservative. Despite alleging disabling pain, providers routinely noted he was in no acute pain (Ex. 3F/11, 10F/3, 22F/5, 26F/16, 27F/18). At times, the claimant's lumbar spine was non-tender with a full range of motion (Ex. 2F/3, 21F/3). He had negative straight leg raises (Ex. 6F, 12F). The claimant also had full strength in his bilateral upper and lower extremities (Ex. 6F, 10F/8, 12F). Moreover, the claimant also had a normal gait (Ex. 2F/3, 3F/7, 10F/12, 20F/3, 27F/14). He was able to tandem, and heel and toe walk (Ex. 6F, 12F).

[Tr. 27–31]. The ALJ "never identifie[d] any specific inconsistencies between the evidence and [the medical evidence] . . . [and] never answered the question of why [he] made such a finding." *Thomas v. Comm'r of Soc. Sec.*, No. 1:20-CV-1659, 2021 WL 4926076, at *8 (N.D. Ohio Sept. 29, 2021), *report and recommendation adopted*, No. 1:20-CV-1659, 2021 WL 4914184 (N.D.

9

Ohio Oct. 20, 2021). Instead, the ALJ includes this same paragraph summarizing the medical evidence in "analyzing" each medical opinion and "explaining" its persuasiveness. Even considering the decision as a whole fails to shed light on how the ALJ came to find the persuasiveness of each medical opinion. *See Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (noting that the ALJ's entire decision must be considered). *Cf. Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (affirming ALJ's evaluation of opinion where "[e]lsewhere in her decision, the ALJ laid out in detail the treatment records" undercutting the opinion). "The Sixth Circuit has held that meaningful judicial review exists—even if the ALJ provided only a cursory or sparse analysis—if the ALJ made sufficient factual findings elsewhere in the decision that support his conclusion." *Deanna B. v. Comm'r of Soc. Sec. Admin.*, No. 1:22-CV-00604, 2024 WL 445391, at *5 (S.D. Ohio Feb. 6, 2024) (citing *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006) (looking to findings elsewhere in the decision to affirm the ALJ's step three analysis, and finding no need for the ALJ to "spell out every fact a second time")); *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365-66 (6th Cir. 2014) (finding that the ALJ made sufficient factual findings elsewhere in his decision to support his conclusion at step three), *report and recommendation adopted*, No. 1:22-CV-604, 2024 WL 1333281 (S.D. Ohio Mar. 28, 2024). Such meaningful review is not included in the ALJ's decision and thus the Court is not able to "discern an accurate, logical bridge between [the ALJ's] assessment of the evidence and the weight he assigned to [Nurse Martin's and Dr. Blaine's] opinion[s]." *Burns v. Kijakazi*, No. 5:20-CV-00328, 2022 WL 363848, at *4 (E.D. Ky. Feb. 7, 2022). Accordingly, the decision must be vacated and the case remanded for additional administrative proceedings.

B.     **Alleged Onset Date**

Plaintiff argues that the ALJ used the wrong onset date of disability in considering Plaintiff's disability and therefore "failed to evaluate [his] unsuccessful work attempt [in] August 2020" in accordance with 20 C.F.R. § 404.1574(c)(3) [Doc. 13 p. 16]. He argues that while his application for DIB and SSI alleged August 15, 2020 — the day he stopped working as a COVID screener—as the date of disability, he had amended his onset date to be March 30, 2020, in his pre-hearing brief [*Id.* (citing Tr. 420)].[2] The Commissioner responded that Plaintiff has not met his burden of showing that he was prejudiced by the Commissioner using a later date of disability, and "the ALJ did not ignore Plaintiff's work-related injury on March 30, 2020, or the medical evidence between that date and August 15, 2020" [Doc. 15 pp. 16–17]. Further, the Commissioner asserts that "Plaintiff's reliance on 20 C.F.R. § 404.1574(c)(3) is misplaced" as that regulation applies to the ALJ's determination of Plaintiff's earnings, not his ability to perform substantial gainful activity [*Id.* at 18]. Plaintiff responded that this error resulted in the ALJ "evaluat[ing] a period of time after the plaintiff[']s] alleged disability" [Doc. 16 p. 4].

"Social Security Ruling 83–20 provides guidance for determining a claimant's disability onset date, which is defined as 'the first day an individual is disabled as defined in the Act and the regulations.'" *Anaman v. Comm'r of Soc. Sec.*, No. CIV.A. 14-12278, 2015 WL 4130778, at *7 (E.D. Mich. July 8, 2015) (quoting SSR 83–20, 1983 WL 31249, at *1 (1983)). Pursuant to this ruling, "[i]n determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available," SSR 83–20, 1983 WL 31249, at *6, and

---

[2]     Plaintiff also notes that his pre-hearing brief mistakenly requested to amend his alleged onset date to be March 27, 2020, when it was supposed to request the date be amended to March 30, 2020 [Doc. 13 p. 16 (citing Tr. 420)].

11

any "change in the alleged onset date may be provided in a Form SSA–5002 (Report of Contact), a letter, another document, or the claimant's testimony at a hearing." *Id.* at *2. Absent a showing of prejudice, however, "an error in the alleged onset of disability is not itself a basis for remand." *Ehrob v. Comm'r of Soc. Sec.*, No. 09–13732, 2011 WL 977514, at *6 (E.D. Mich. Mar. 17, 2011). *See also Jackson v. Comm'r of Soc. Sec.*, No. 3:11-cv-358, 2012 WL 5497778, at 4–5 (S.D. Ohio Nov. 13, 2012), *report and recommendation adopted*, 2012 WL 6015889 (S.D. Ohio Dec. 3, 2012) (finding harmless error where ALJ failed to use amended alleged onset date in decision).

The Court finds that it need not address whether not using the amended alleged date of disability was a harmful error in light of remanding the matter on other grounds.

## V.  CONCLUSION

Based on the foregoing, the Plaintiff's Motion [**Doc. 12**] will be **GRANTED,** the decision of the Commissioner will be **VACATED**, and the case will be **REMANDED** for further proceedings.[3]

**ORDER ACCORDINGLY.**

Debra C. Poplin
United States Magistrate Judge

---

[3] Although the Court is remanding the case for findings consistent with this opinion, the Court makes no determination as to whether Plaintiff should be found to be disabled.